**UNITED STATES of America,**

v.

**William PRESSER.**

**Crim. No. 23276.**

United States District Court
N. D. Ohio, E. D.
May 6, 1960.

Frank J. Kiernan, Harry L. Hudspeth, Washington, D. C., for the United States.

Edwin Knachel, John Cardinal, Cleveland, Ohio, for defendant.

JONES, District Judge.

Careful consideration has been given to the several motions filed by the defendant on April 20, 1960, together with briefs filed in support and contra, with the results noted below.

As to the motion respecting double jeopardy,—the indictment in Washington, D. C., growing out of the proceedings before the Senate Select Committee, charged unlawful refusal to answer a question; the indictment here charges that the defendant unlawfully, wilfully and knowingly did corruptly influence, obstruct and impede and corruptly endeavor to influence, obstruct and impede the due and proper exercise of the power of inquiry by certain specific acts, particularly, altering, defacing and partially destroying and withholding from the Committee a certain invoice or record of Teamsters Joint Council No. 41 which bore a reasonable relation to the subject matter of the Committee's inquiry, and concealing and withholding an envelope and memorandum containing records of Joint Council No. 41 which bore a reasonable relation to the subject matter of the Committee's inquiry, and relevant to it.

■ The two indictments have no relation to each other on the facts. Conviction in the first cannot support double jeopardy in the present case. The same facts would not prove each case. In the earlier case the defendant was charged with negative conduct; in the present case, with affirmative action.

■ In respect to the motion to dismiss the indictment because the doctrine of res judicata applies, an examination of the matters referred to in the defendant's brief clearly shows that the matters which are the subject of consideration here were clearly not relevant to the consideration of the contempt question and that is well illustrated by the remarks of the Judge who tried the case. The matter respecting the defendant's connection with the papers referred to was not the subject of the indictment under which the defendant was tried and convicted in the Washington case.

Although I think the Government was over-zealous in undertaking to present this evidence in the Washington trial, nevertheless, the matters which the Government offered were not received by the Court and they did not enter into the

consideration and decision of the Court in that case. This matter is not without difficulty but upon careful consideration of the arguments presented, it is my judgment that the motion in respect of res judicata cannot be sustained.

█ Finally, respecting the motion for dismissal of the indictment on the ground that the indictment fails to charge an offense punishable under the provisions of Title 18 U.S.C. § 1505, the legislative history referred to in defendant's brief on this point concerns an extension of the scope of Section 1505 but does not concern the portion of Section 1505 involved in this indictment.

The points raised in the motion to dismiss, filed March 30, 1960, are wholly lacking in validity, as I think for obvious reasons. See Government's brief in opposition to motions to dismiss. A point in the motion filed March 30, 1960 which was not treated in the later motions is the question of lack of particularity as to the crime charged against the defendant in the indictment. On that point, it is my opinion, that the indictment is in greater detail and clarity than the usual return and completely informs the defendant of the precise unlawful conduct charged against him and upon which he is to be tried. He did or he did not unlawfully, wilfully, and corruptly obstruct and impede the proper exercise of the power of inquiry under which the Committee was conducting its investigation in that (a) he altered, defaced, partially destroyed and concealed a certain invoice, and (b) concealed and withheld from the Committee an envelope containing a memorandum, all records of Joint Council No. 41, and bearing a reasonable relation to the subject matter of the Committee's inquiry

Accordingly, all of the several pending motions to dismiss the indictment filed by the defendant will be denied.